UNITED STATES DISTRICT COURT     c
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ANDRAE D. AARON,<br>Plaintiff | CIVIL ACTION NO. 1:13-CV-02867;<br>SEC. P |
| VERSUS | CHIEF JUDGE DRELL |
| TIM KEITH, ET AL.,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is Plaintiff's "Motion to Supplement Objections to Defendant's Motion for Summary Judgment" (Doc. 72) and Defendant's Motion to Strike (Doc. 74).

Plaintiff had previously filed an initial Opposition to Defendants' Motion for Summary Judgment but, in that motion, also asked to file a supplemental opposition once he received mail with additional documentation. (See Doc. 57).[1] The motion was granted, and Plaintiff was given until December 16, 2016 to file his supplemental motion. (Doc. 59). Aaron submitted his supplemental motion on December 23, 2016. As Aaron had received prior permission to file the supplemental motion, the motion will be GRANTED. (Doc. 72).

Following Plaintiff's submission of his amended opposition to Defendants' Motion for Summary Judgment, Defendants filed a Motion to Strike. (Doc. 74). A previous Motion to Strike filed by Defendants was granted and all references to the Baton Rouge Advocate article entitled "Reporter Exposes Flaws of Prison" ("Advocate

---

[1] Despite the document being Plaintiff's first brief in opposition, due to the caption of the pleading, Aaron's attached memorandum was docketed as a Supplemental Memorandum. (Doc. 61.)

article") were stricken from the record as inadmissible hearsay. In addition to relying on the Advocate article, Plaintiff also relies on a Mother Jones article written by Shane Bauer entitled "My Four Months as a Private Prison Guard" ("Mother Jones article") in support of his arguments.

Newspaper articles do not constitute competent summary judgment evidence to prove the truth of the facts they report because they are inadmissible hearsay. <u>Cano v. Bexar County, Texas</u>, 280 Fed. Appx. 404, 406 (5th Cir. 2008) (citing <u>Roberts v. City of Shreveport</u>, 397 F.3d 287, 295 (5th Cir. 2005)); <u>see</u> <u>also</u> <u>James v. Texas Collin County</u>, 535 F.3d 365, 374 (5th Cir. 2008). Authors of newspaper articles typically convey information collected from other sources and rarely have personal knowledge of the facts reported. <u>Anderson v. Dallas County, Texas</u>, Civ. No. 3:05-CV-1248-G, 2007 WL 1148994, at *5 (N.D. Tex. April 18, 2007). Furthermore, "news reporters often make inferences and hypothesize in their articles; the inclusion of such speculation also makes the articles improper for evidentiary consideration." <u>Id.</u>; <u>see</u> <u>also</u> <u>Fridman v. City of New York</u>, 183 F. Supp. 2d 642, 646 n. 2 (S.D.NY. 2002) (newspaper article and a transcript post-dating the events underlying the action by a year or more, where the out-of-court speakers were neither under oath nor making admissions against their interests, were hearsay testimony and thus inadmissible on a motion for summary judgment). As the Court noted in its previous Memorandum Order, Plaintiff is attempting to introduce the Advocate article to prove the truth of the facts that it reports, and the Court cannot identify a hearsay exception that would apply.

Similarly, Plaintiff attempts to introduce the Mother Jones article to prove the truth of the facts that it reports. Plaintiff argues that Defendants have not refuted that Shane Bauer was employed at Winn Correctional Center ("WCC") and therefore did not have personal knowledge. Plaintiff argues that since Bauer was a security guard at WCC, he had firsthand knowledge of the violations that occurred during his time there. Plaintiff therefore states that hearsay exceptions apply, namely F.R.E. 803 (1), (2), (3), (5), and (6).[2] However, Plaintiff does not state how those hearsay applications apply, and the Mother Jones article suffers from the same evidentiary deficiencies as the Advocate Article.

The case law is consistent: newspaper articles are hearsay and do not constitute competent summary judgment evidence.

---

[2] F.R.E. 803(1) provides an exception for hearsay statements "describing an event or condition, made while or immediately after the declarant perceived it." Because of the almost simultaneous events, there is almost no "likelihood of [a] deliberate or conscious misrepresentation." Rock v. Huffco Gas & Oil Co., Inc., 922 F.2d 272, 280 (5th Cir. 1991). According to the Mother Jones article, Bauer worked at WCC in November 2014 until March 2015. The article was published in Mother Jones' July/August 2016 issue. Due to the large amount of time that passed between Bauer's having worked at WCC and having written and published the article, F.R.E. 803(1) does not apply. See id.

Similarly, F.R.E. 803(2) applies to a "statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." As noted above, more than a year passed between Bauer working at WCC and the article having been published. This hearsay exception is inapplicable.

F.R.E. 803(3) applies to a then-existing mental, emotional, or physical condition, "but not including a statement of memory or belief to prove the fact remembered or believed [. . . ]" Aaron is using the article to prove the facts remembered, and has not suggested otherwise.

Under F.R.E. 803(5), a recorded recollection is admissible if the witness once had knowledge about the matter, but now cannot recall well enough to testify fully and accurately. Aaron has made no suggestion that Bauer can no longer recall the events well enough to testify fully and accurately.

Additionally, "newspaper articles are not records 'kept in the course of a regularly conducted business activity' within the meaning of Rule 803(6)." Anderson v. Dallas County, Texas, Civ. No. 3:05-CV-1248-G, 2007 WL 1148994, at *5 (N.D. Tex. Apr. 18, 2007).

3

Accordingly, IT IS ORDERED that Aaron's Motion to Supplement is GRANTED. (Doc. 72).

IT IS FURTHER ORDERED that Defendants' Motion to Strike (Doc. 74) is GRANTED. The Mother Jones article entitled "My Four Months as a Private Prison Guard" and the Baton Rouge Advocate article entitled "Reporter Exposes Flaws of Prison" and any and all references to it from Plaintiff's Supplemental Objections to Defendants' Motion for Summary Judgment (Doc. 72) are hereby STRICKEN from the record.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __14th__ day of February, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge